IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brenda Robinette,            :

    Plaintiff,           :

  v.                         :   Case No. 2:08-cv-1035

Immediate Health, et al.,    :   JUDGE SMITH

    Defendants.          :

REPORT AND RECOMMENDATION

    Plaintiff, Brenda Robinette, has submitted a complaint against two defendants and has moved for leave to proceed *in forma pauperis*. For the following reasons, it will be recommended that this case be dismissed for lack of jurisdiction.

    Ms. Robinette appears to be a resident of the State of Georgia. In her complaint, she describes a visit to St. Anne's Medical Center in Franklin County, Ohio during which she was diagnosed with pelvic inflammatory disease. Ms. Robinette believed this was an incorrect diagnosis. She was later diagnosed with an ovarian cyst. In the meantime, however, her boyfriend was tested for sexually transmitted diseases and her coworkers overheard her discussing the diagnosis with her doctor. According to Ms. Robinette, pelvic inflammatory disease results from a sexually transmitted disease. She believes that Dr. Weinstock, who made the initial diagnosis, slandered her and that he is also guilty of medical malpractice. She seeks damages in the amount of $10,000.

    The federal courts are courts of limited jurisdiction. Although federal courts do have jurisdiction to hear cases

arising under state law when the parties are citizens of different states, Congress has decided that the amount in controversy in such cases must be at least $75,000. 28 U.S.C. §1332 (a). Although it appears that Ms. Robinette and the defendants are citizens of different states, because she is seeking damages of only $10,000, this case does not come within the jurisdiction of the federal courts. She can, of course, file the case in a state court of general jurisdiction. However, this federal court lacks jurisdiction to hear her case. As a result, this case should be dismissed for lack of jurisdiction.

For the foregoing reasons, Ms. Robinette's motion for leave to proceed *in forma pauperis* is granted. Further, it is recommended that the complaint be dismissed for lack of subject matter jurisdiction.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and

Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge